June 22, 1909.

————o————

No. 4802.

Court of Appeal, Parish of Orleans.

CRESCENT FORWARDING AND TRANSPORTATION COMPANY VS. NEW ORLEANS BOX MANU-FACTURING COMPANY.

1. In contracts which are reciprocally beneficial to both parties, the same care is exacted of the bailee which every prudent man takes of his own goods." "In the action for property thus delivered and not

returned, the burden of proof as to the facts which excuse the failure to restore it, lies on the bailee." 11, 190.

2. The test in establishing the bailee's responsibility is not to be predicated on the showing made, that he treated and cared for the thing hired in the same way that he cared for his own, but whether he cared for his own as a *prudent* man does or should.

3. It is negligence, carelessness and highly imprudent to have, in a lot in which mules are kept, a well framed to the height of eighteen or twenty inches only, and covered with boards and other material not sufficiently strong to withstand the weight of a mule, and the person hiring such mule killed by falling into the well. is bound to pay the value thereof to its owner.

Appeal from Civil District Court, Division "A."

John May, for Plaintiff and Appellant.

F. R. Richardson, Richardson & Soule, for Defendant and Appellee.

ESTOPINAL, J.   Plaintiff hired to the defendant a certain mule which, while in the possession and under the control of defendant, fell into a well situated on the premises in which defendant kept the mule and it was drowned.

Plaintiff alleges the death of the mule to have been caused by the negligence and carelessness of defendant and sues to recover the value of the mule as well as a balance due for rental, aggregating $233.00.

Defendant interposed several exceptions attacking the pleadings, but these were, we think, properly overruled by the trial court.   At any rate, we shall not stop to discuss them as they have not been pressed on appeal.

Defendant in its answer tendered the general issue coupled with the following admissions: It admitted its liability to the extent of six dollars ($6.00) for rental of the mule and this amount, together with costs up to the time of tender and interest from judicial demand was tendered by deposit made in the registry of the court in full settlement of plaintiff's claim.

Defendant admits that the mule is dead but denies that it was in any manner to blame for its death; that the mule by its own act precipitated itself into a well in the lot where it was at the time with other stock owned or controlled by it (defendant); that the well was properly covered, but that said mule climbed upon the covering of the well which gave way to the unusual weight placed upon it, and the mule was thereupon precipitated

—413—

into the well and drowned; that the death of the mule was caused by its own perverse, inquisitive, fructious, meddlesome and unruly nature, and through its inherent vices, and not through any lack of care or want of skill on the part of defendant.

The judgment below was in favor of defendant and plaintiff has appealed.

A careful reading of the testimony leads us to a conclusion opposed to that of our learned brother, but in this case we may properly differ with the trial court without violating the nearly uniform rule which obtains in our appellate course "of not disturbing the finding of the trial judge when questions of fact are involved unless he be manifestly wrong."

The reason for the rule is obvious and has been so often stated that it seems unnecessary to repeat it here. When the testimony is contradictory, it is palpable, in most cases, that somebody is avoiding the truth, in which case the trial judge, who sees and hears each witness, is better able, by reason of his natural as well as acquired knowledge of human nature, to judge as to who is telling the truth or not, than the appellate court; but when, as is this case, the determination of the issues depend upon the appreciation of the evidence, there being no contradictory testimony, no violence is done the rule above stated should the appellate court differ with the court a qua.

It is elementary that the burden of proof is upon the bailee to show that the injury to or loss of the thing hired was due to no fault or negligence of his. 13 A. 397.

From our appreciation of the facts we think the defendant has failed to meet this burden.

The facts tersely put are these: Defendant kept his mules, including plaintiff's, in an inclosed lot in which was located an unused well; that, realizing the danger and menace of the well, defendant had it covered. This frame, though made of new and sound material, was only eighteen (18) or twenty (20) inches high. During the night, the plaintiff's mule, in some way not explained, since no one was present when the accident happened, fell or jumped on the covering of the well, causing it to break, and the mule to be precipiated into the well.

Now the question to be determined is whether in so framing or covering this well, defendant exercised that care and prudence which must be shown to avoid liability. We think not.

We do not think that a prudent and careful man, who knows and appreciates the peculiarly rough, stubborn and inquisitive habits of the mule, would for a moment think of placing about a well located in his mule-lot a frame and covering only 18 or 20 inches off the ground. Such a frame and covering, and of that height, can be so constructed as to withstand the weight of one or more mules together, but the fact that the mule in question here fell through this covering shows that it was not so constructed. Defendant's contention seems to be that if this mule had carefully, quietly and dignifiedly walked over or laid down upon the well covering that it would not have broken through, but it is to the knowledge of all that mules do not conduct themselves in that gentle and ceremonious manner, whether vicious or not. They are prone to play and fight, and their method of play is in keeping with their hard and rough make-up.

The contention of defendant that the accident was due to the peculiarly vicious temper of the mule is not worthy of serious consideration. The manner in which this accident occurred is not known, but if we are to be permitted to theorize, some theory more reasonable and more in keeping with every condition surrounding this case could be evolved than that suggested by defendant.

Is it not more reasonable to suppose that, instead of imitating the peculiar characteristics of the goat for jumping on elevated places, the mule, whilst at play or engaged in a fight with one of defendant's mules, was shoved or kicked and tripped over the well.

The well should have been so constructed as to withstand the weight of a mule thrown with violence upon it. The defendant was clearly at fault and negligent in not properly covering the well. The record discloses the fact that the work was done by an ordinary negro and was never subjected to a test.

It cannot avail defendant to say that it gave plaintiff's mule the same care and attention that it gave its own. The record shows that it did not give to its own mules the care and attention that a prudent man should. It cannot be disputed, considering what happened to plaintiff's mule that it was by mere chance and good fortune alone that defendant's own mules escaped the fate which befell plaintiff's.

We are of opinion that defendant was negligent in not tak-

ing proper precaution in reference to the well. Defendant appreciated that the safety of the mules kept in the lot was endangered by the presence of the well and had it covered. The fact that a mule fell through this covering shows that the material was not sufficiently strong or heavy or that the work was unskillfully done. The well was not in use and was located in a corner of the yard and could have ben easily separated or fenced off from the balance of the lot. Proper care and prudence should have dictated this or some other equally safe course.

The evidence satisfies us that the valuation of the mule has not been exaggerated.

Two hundred and twenty-five dollars appears to be a fair valuation and we will allow it. Plaintiff does not dispute the sum fixed by defendant as being due for rental, to-wit: Six dollars.

It is therefore ordered, adjudged and decreed that the judgment appealed from be avoided, reversed and set aside, and it is now ordered and decreed that plaintiff have and recover of defendant the sum of two hundred and thirty-one ($231.00) dollars, with legal interest from judicial demand, defendant to pay costs in both courts.

Judgment reversed.

June 21, 1909.

## ON REHEARING.

ESTOPINAL, J. On application for a rehearing in the above case, our attention has been called to the fact that we have allowed interest from judicial demand, whereas we should have allowed same from the date of judgment. This was a clerical error.

In such cases we may amend the judgment without granting a rehearing, which we now do.

It is therefore ordered that the judgment of this court be amended by allowing interest from the date of judgment.

A rehearing is refused.

June 29, 1909.

Writ refused by Supreme Court October 22, 1909.